IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PANCHAL ENTERPRISES,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | 8:20-CV-295<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Order Granting Defendant's Motion to Bifurcate and Stay Discovery of Bad Faith Claim. Filing 47. For the reasons stated below, Plaintiff's objections are overruled.

### I. BACKGROUND

Plaintiff Panchal Enterprises operates a hotel in Omaha that was damaged in a fire in March 2019. Filing 47 at 1; Filing 21 at 2. Panchal insured its hotel with defendant State Farm Fire and Casualty Company. Filing 21 at 5; Filing 22 at 1. Panchal brought the present action in July 2020, alleging State Farm breached its contract with Panchal and breached its common law duty of good faith and fair dealing, engaging in bad faith by underpaying and delaying Panchal's claim under the insurance policy. Filing 21 at 2-4; Filing 47 at 1.

On January 7, 2021, State Farm moved to bifurcate and stay discovery of Panchal's bad faith claim. Filing 28. The Honorable Michael D. Nelson, Magistrate Judge, granted State Farm's motion on March 10, 2021. Filing 46. In his order, Judge Nelson found that "more than likely there would be no basis to find State Farm acted in bad faith and the need for a second trial will be obviated," if Panchal did not prevail on its breach of contract claim, and bifurcation of Panchal's claims would avoid "spending unnecessary time and resources on discovery disputes." Filing 46

1

at 5. Judge Nelson also found a "real risk of prejudice if the claims are litigated together." Filing 46 at 5. He ordered Panchal's claims be bifurcated for discovery and trial. Filing 46 at 6. Panchal filed the present objection to Judge Nelson's order on March 23. Filing 47.

## II. DISCUSSION

Panchal objects to Judge Nelson's order bifurcating its claims for trial and discovery on primarily two grounds. *See* Filing 47 at 3-4. First, Panchal argues that Judge Nelson failed to apply relevant Nebraska law when he concluded that Panchal would be unlikely to prevail on its bad faith claim if it did not prevail on its breach-of-contract claim. Filing 47 at 3. Second, Panchal argues there was no sufficient showing of prejudice that would warrant bifurcation, and any prejudice could be adequately addressed by bifurcation of the claims at a single trial on both issues. Filing 47 at 4. State Farm contends that Judge Nelson did not err in applying the law and properly exercised his discretion in granting its motion. Filing 48.

### A. Standard of Review

When reviewing nondispositive pretrial rulings by magistrate judges, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. Pro. 72(a); *see also Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007); *Light of the World Gospel Ministries v. Walthill*, 336 F.R.D. 567, 570 (D. Neb. 2020). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Walthill*, 336 F.R.D. at 570 (quoting *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011)). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 592 F. Supp. 2d 1087, 1092 (N.D. Iowa 2008) (quoting *Catskill Dev., L.L.C. v. Park*

*Place Ent. Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). "The Magistrate Judge has broad discretion to supervise the discovery matters before him." *Shukh v. Seagate Techs., LLC*, 295 F.R.D. 228, 238 (D. Minn. 2013) (citing *McGowan v. Gen. Dynamics Corp.*, 794 F.2d 361, 363 (8th Cir. 1986)). "District courts possess broad discretion to bifurcate issues for purposes of trial under Fed.R.Civ.P. 42(b). In exercising discretion, district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." *O'Dell v. Hercules*, 904 F.2d 1194, 1201-02 (8th Cir. 1990) (citing *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1042 (8th Cir. 1983)); *see also* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . . .").

**B. Panchal's Objections**

Panchal first argues that Judge Nelson erred in concluding "that if Plaintiff does not prevail on his breach of contract claim, more than likely there would be no basis to find State Farm acted in bad faith," Filing 46 at 5, because a plaintiff does not necessarily need to prevail on a breach of contract claim to prevail on a bad faith claim, Filing 47 at 3 (citing *LeRette v. Am. Med. Sec., Inc.*, 705 N.W.2d 41, 48 (Neb. 2005)). Panchal also argues Judge Nelson incorrectly weighed what prejudice might result from bifurcating or not, arguing "[t]he real prejudice is to order severance and separate trials." Filing 47 at 4. State Farm argues Panchal has failed to demonstrate any clear error in the challenged ruling. Filing 49 at 2-3. The Court agrees with State Farm that Panchal has not shown any clear error.

In his order, Judge Nelson acknowledged that Panchal was correct that a plaintiff need not necessarily prevail on a related breach-of-contract claim to prevail on its bad faith claim. Filing 36 at 3 (citing *LeRette*, 705 N.W.2d at 48). However, Judge Nelson also noted that in Nebraska, "to

3

establish a claim for bad faith, a plaintiff must show an absence of a reasonable basis for denying the benefits of the insurance policy and the insurer's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." Filing 46 at 4 (quoting *LeRette*, 705 N.W.2d at 47-48). This Court is unconvinced that the magistrate clearly erred or misapplied the law in determining Panchal was unlikely to succeed on its bad faith claim without demonstrating a breach of its insurance contract with State Farm. Given the standard of care for insurance companies set forth in *LeRette*, there are indeed "limited circumstances under which the fact-finder could determine an insurer paid all the amounts due under the insurance policy (i.e., determine there was no breach of contract) while simultaneously finding the insurer had no reasonable basis for denying the benefits of the insurance policy." Filing 46 at 4; *see also LeRette*, 705 N.W.2d at 50-51 ("[W]here as here, the insurer had an arguable basis on which to initially deny the claim, the bad faith cause of action fails as a matter of law regardless of the manner in which an investigation was or was not conducted.").

Judge Nelson further found that bifurcation would "prevent the parties from spending unnecessary time and resources on discovery disputes," and "bifurcation at this stage will expedite and economize the case and conserve the court's and parties' resources" by preventing discovery disputes related to the bad faith claim that would likely delay resolution of the contract action. Filing 46 at 5. Given Panchal's low likelihood of success on its bad faith claim without success on its contract claim, Judge Nelson determined that it was in the interest of judicial economy to bifurcate the issues for trial and discovery. Filing 46 at 5. This Court finds no error in Judge Nelson's reasoning nor any inconsistency with the law.

This Court also agrees with Judge Nelson that there is a serious risk of prejudice to State Farm if the claims are not bifurcated. *See* Filing 46 at 5. As Judge Nelson observed, evidence

4

relevant only to Panchal's bad faith claim might taint a juries' objectivity as to the breach-of-contract claim to the point that an instruction would not cure it. Filing 46 at 5. Further, those portions of Panchal's bad faith claim that are not predicated on State Farm's alleged breach of contract will require evidence having minimal relevant overlap with the breach of contract claim. *See* Filing 46 at 5. Though Panchal contends it offers the "viable solution" of bifurcating the claims without severing the trials, the Court cannot agree that that would be sufficient to overcome the significant risk of prejudice. The Court agrees with Judge Nelson that this is a case in which it should use its "broad discretion to bifurcate issues for purposes of trial." *See O'Dell*, 904 F.2d at 1201-02.

### III. CONCLUSION

For the reasons stated above, Magistrate Judge Nelson's order should be upheld.

IT IS ORDERED

1. Plaintiff's Objections to the Magistrate Judge's Order, Filing 47, are overruled.

Dated this 12th day of May, 2021.

> BY THE COURT:
>
> Brian C. Buescher
> United States District Judge